IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HECTOR MANUEL BOSSIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:19-CV-293-ALB |
| | ) | [WO] |
| ATTORNEY: GREGORY WILLIAM GRAHAM, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Montgomery City Jail in Montgomery, Alabama, brings this 42 U.S.C. § 1983 action alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged by the conduct and actions of Defendants regarding his state court criminal proceedings before the Circuit Court for Russell County, Alabama, and his federal criminal and civil proceedings before this court. Plaintiff names as defendants Gregory Graham, Esq., Phenix City Chief of Police Ray Smith, Phenix City Mayor Eddie Lowe, and the City of Phenix. Plaintiff requests cessation or dismissal of the criminal proceedings against him, damages for "undue" incarceration, costs, and fees. Plaintiff also requests trial by jury.[1]

---

[1] Although the Clerk stamped the complaint "filed" on April 25, 20, 2019, Plaintiff signed his complaint on April 13, 2019. The law is settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993).

Upon review, the court concludes this case is due to be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

**A. The Statute of Limitations**

Law enforcement officials with the Phenix City Police Department arrested Plaintiff on January 7, 2016. On October 15, 2016, Plaintiff filed a federal civil rights action against the officers involved with his arrest. *See Bossio v. Bishop*, Civil Action No. 3:16-cv-839-ECM (M.D. Ala.). Approximately two weeks later Defendant Graham was appointed to defend Plaintiff against state criminal charges arising from his January 2016 arrest. Plaintiff states Defendant Graham works for the Graham Legal Firm which represents the City of Phenix. Plaintiff, therefore, maintains Defendant Graham, as his appointed counsel, operated under a conflict of interest which undermined Plaintiff's efforts to vindicate his rights through filing the above-noted federal civil action and impeded his ability to present a defense in his federal criminal case on federal criminal charges filed against him arising from the January 2016 arrest. *See United States v. Bossio,* Criminal Action 3:17-cr-119-WKW (M.D. Ala.).  And after Defendant Graham was appointed as his state criminal defense attorney, Plaintiff claims attorneys with the Graham Law Firm edited, destroyed, or deleted all exculpatory evidence in his favor and incriminating to employees of Phenix City. As a result, Plaintiff was disadvantaged in his efforts to defend himself against the federal and state criminal charges lodged against him. He claims that "[b]ut for the listed part[ies']

---

[2]The court granted Plaintiff's request for leave to proceed *in forma pauperis*. Doc. 4.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

actions, [he] would be able to show the impeaching and exculpatory evidence they [] destroyed." Doc. 1 at 2–3.

To the extent Plaintiff challenges matters associated with his state criminal proceedings or his federal civil or criminal proceedings which occurred on or before April 12, 2017, these claims are barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (Jones II).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). When Plaintiff filed suit, the statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

Although the state statute of limitations applies, the time of accrual is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Generally, a cause of action accrues when the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury.

3

*Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996). By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Plaintiff from application of the time bar.[3]

The statute of limitations is usually raised as an affirmative defense. In a § 1983 action filed by a plaintiff proceeding *in forma pauperis*, the court may *sua sponte* consider affirmative defenses apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) ("[I]n an action proceeding under section 1915(d) [—the *in forma pauperis* statute now codified as § 1915(e)(2)(B)(i)—], [a court] may consider, *sua sponte,* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the district court. In so doing, [the court is] following consistently the special treatment given to section 1915(d) suits."). Consequently, with respect to a complaint filed *in forma pauperis,* "if the district court sees that an affirmative defense would defeat the action, a section 1915(d) dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at 640 n.2 (citing *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1330-1332 (D.C. Oregon 1983)).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and

---

[3]This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a). The complaint demonstrates that Plaintiff was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

4

deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed insofar as he presents claims regarding actions which occurred on or before April 12, 2017, as he failed to file this action until over two years after this time—on April 13, 2019—and the statute of limitations now bars consideration of those claims. These claims are, therefore, barred by the applicable statute of limitations and subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *Neitzke v. Williams*, 490 U.S. 319 (1989).

Even if Plaintiff could demonstrate his claims are not barred by the statute of limitations, his complaint is subject to dismissal for the following reasons.

**B.     Defendant Greg Graham**

Plaintiff challenges the conduct of Greg Graham, his court appointed attorney, alleging counsel acted under a conflict of interest and, therefore, could not provide effective representation.[4] An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional

---

[4] The court takes judicial notice of the consolidated case action summary in Plaintiff's criminal cases on the Alabama Trial Court System (hosted at www.alacourt.com), which shows Defendant Graham, whose law office represents the City of Phenix, was appointed to represent Plaintiff on October 28, 2016, in his state court criminal cases. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the state's] Online Judicial System.") (citing Fed. R. Evid. 201). Defendant Graham withdrew his representation of Plaintiff on December 20, 2016, citing a conflict of interest from Plaintiff's filing of a federal lawsuit against the City of Phenix. The case action summary also shows that on May 2, 2017, the court granted the State's request to nolle prose all the state criminal charges against Plaintiff stemming from his 2016 arrest.

5

deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No*. 3, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). In light of the foregoing, the complaint against Defendant Graham is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

**C.     First Amendment Claim**

Plaintiff alleges the "City of Phenix, et al.," undermined his efforts to vindicate his rights when he filed a federal civil complaint against law enforcement officials employed by the City of Phenix. This occurred, Plaintiff claims, when they—City of Phenix, et al.,—placed their own lawyers as defense counsel in his state criminal cases "thereby editing, destroying, and deleting all of the evidence exculpatory for [him], and incriminating for the employees of the City of Phenix in order to try to cause a collateral estoppel in both" his federal complaint and his state criminal cases. Doc. 1 at 2.

Although not entirely clear, the court considers Plaintiff to allege that his right of access to the courts was interfered with because he filed a federal lawsuit against City of Phenix police officials challenging matters associated with his January 2016 arrest while an attorney whose law firm represents City of Phenix employees was appointed to represent him on the ensuing state criminal charges. According to Plaintiff, "these attorneys and the other defendants through deception, [] confined [his] ability to present a defense in his state criminal case" because of their

6

destruction of evidence—evidence he also needed to prosecute his federal § 1983 action. Doc. 1 at 3.

Interference with an inmate's access to the courts implicates the First Amendment. *See Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991). To establish a constitutional violation based upon a denial of access to courts, an inmate plaintiff must specifically show how he was actually harmed or prejudiced regarding the litigation in which he was involved. *Lewis,* 518 U.S. at 349. An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348. There must be evidence of deterrence of a nonfrivolous claim "such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [state] officials." *Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998). That is, Plaintiff must demonstrate he suffered an adverse consequence because of Defendants' actions which resulted in actual injury to a non-frivolous legal claim. *Id.*; *Lewis*, 581 U.S. at 353 n.3. The *Lewis* Court, however, disclaimed any expansion of the right of access to the court which suggested "that [state actors] must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id*. at 354.

Here, Plaintiff's allegations he has been impeded in his ability to litigate his pending federal civil action in 3:16-cv-839-WKW is not supported by the record of those proceedings.[5] More important, Plaintiff assert no facts which reflect he was so hindered in his efforts to pursue a non-frivolous legal claim to such a degree he experienced adverse consequences or an actual injury from the alleged deprivation. *Lewis*, 518 U.S. at 349. His conclusory allegation that his effort to litigate his federal civil complaint due to the alleged destruction or deletion of unidentified

---

[5] As noted, Plaintiff's state criminal charges were nolle prossed in May of 2017.

7

exculpatory or incriminating evidence is insufficient. Because Plaintiff's allegation against Defendants regarding a denial of access to the courts articulates no "actual injury" accruing to him, this claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.  The Challenge to Plaintiff's Conviction

On May 21, 2019, a jury convicted Plaintiff with offenses involving possession and distribution of drugs and possession of a firearm. *See* 3:17-cr-119-WKW.  To the extent Plaintiff's allegations challenge the validity of these convictions, such claims go to the fundamental legality of his detention and provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489.  The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  *Id.* at 481. *See also Abella v. Rubino,* 63 F.3d 1063, 1065–66 (11th Cir. 1995) (finding *Heck* applies equally to *Bivens* actions and therefore barred the plaintiff's claim for damages and declaratory and injunctive relief in which he alleged was the victim of an unconstitutional conspiracy to falsely convict him).  The *Heck* Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of her confinement is a petition for writ of habeas corpus. *Id*. The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Plaintiff's use of any federal civil action, other than habeas relief under 28 U.S.C. § 2255, to mount a collateral attack on the validity of his federal court criminal convictions. 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella*, 63 F.3d at 1066 n.4 (finding "*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, to the extent the claims presented by Plaintiff challenge the constitutionality of his federal court convictions, they are not cognizable in this cause of action at this time and are, therefore, subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims challenging events which occurred on or before April 12, 2017, be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint regarding these allegations within the time prescribed by the statute of limitations;

2. Plaintiff's § 1983 claims against Defendant Graham be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

3. Plaintiff's First Amendment claim be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

4. Plaintiff's challenge to the constitutionality of his federal convictions in Criminal Action 3:17-cr-119-WKW (M.D. Ala.) be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

5. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is further

ORDERED that **on or before June 24, 2019**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 10th day of June 2019.

/s/     Charles S. Coody
UNITED STATES MAGISTRATE JUDGE