IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HECTOR MANUEL BOSSIO, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:19-cv-293-ALB |
| | ) [WO] |
| ATTORNEY: GREGORY WILLIAM GRAHAM, *et al.*, | ) |
| Defendants. | ) |

# **ORDER**

In this action for damages under 42 U.S.C. § 1983, Plaintiff Hector Manuel Bossio, an inmate incarcerated in the Montgomery City Jail in Montgomery, Alabama, alleges various civil rights violations against defendants Gregory Graham, Esq., Phenix City Chief of Police Ray Smith, Phenix City Mayor Eddie Lowe, and Phenix City. On June 10, 2019, the Magistrate Judge filed a Recommendation (Doc. 5) that the case be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B). Plaintiff timely objected to the Recommendation. (Doc. 6). Upon an independent and *de novo* review of the record and the Recommendation, Plaintiff's objections are due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted.

In his Complaint, Plaintiff alleges that the actions of the named defendants (Attorney Greg Graham, the Phenix City Chief of Police, and the Mayor of Phenix

City) impaired his ability to have a fair criminal trial in this court. The Recommendation determined that: (1) to the extent plaintiff challenges matters associated with his state criminal proceedings or his federal civil or criminal proceedings which occurred on or before April 12, 2017, those claims are barred by the statute of limitations; (2) attorneys (private or court appointed) are not subject to suit under § 1983; (3) his First Amendment access to courts claim failed to state a claim for relief because it articulated no actual injury; and (4) to the extent Plaintiff's claims would necessarily imply the invalidity of his federal criminal conviction, § 1983 is not an appropriate vehicle to make such arguments.

Plaintiff first objects that the two-year statute of limitations does not apply to him because he was not an inmate but a "pretrial detainee" at the time the events about which he complains occurred. This objection is without merit. A two-year statute of limitations exists in Alabama for tort actions, *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir. 1992), and Alabama's two-year statute of limitations for tort actions is used for all § 1983 actions filed in Alabama. *Id.* at 1105, 1108 n.2; *McNair v. Allen*, 515 F.3d 1168, 1170 (11th Cir. 2008) (applying the two-year statute of limitations to a § 1983 action). The limitation period does not turn on Plaintiff's status as an inmate during his confinement.

Plaintiff next argues that the limitation period begins at the time of the last thing done by a defendant raised in the complaint. By way of example, Plaintiff

claims "the Graham Legal Firm" forwarded documents requested in a discovery motion in his 2017 criminal case to his criminal defense attorney in 2018. Plaintiff claims that the documents did not include all the information requested in the discovery motion and therefore abridged his ability to present a defense. Even assuming that Plaintiff's claims are not subject to the time bar, the magistrate judge also determined that his attempt to challenge the actions of Defendants on the ground that their conduct interfered with or obstructed his federal criminal proceedings, which impaired his ability to present a defense and resulted in his conviction, failed to allege an injury for an access-to-courts claim. Plaintiff cannot use a § 1983 action to challenge the validity of a conviction. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Plaintiff's objections to the contrary lack merit for the reasons explained in the recommendation.

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. 5) is ADOPTED;

2. Plaintiff's objections (Doc. 6) are OVERRULED;

3. Plaintiff's Complaint is summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).

A final judgment will be entered separately.

**DONE** and **ORDERED** this 26th day of August 2019.

                                            /s/ Andrew L. Brasher
                                  ANDREW L. BRASHER
                                  UNITED STATES DISTRICT JUDGE